UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARBARA CROWLEY | : | CIV. NO.3:14CV01903 (MPS) |
|     Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| TOWN OF ENFIELD; CHIEF CARL | : | |
| SFERRAZZA, individually and in his official | : | |
| capacitiy;  OFFICER MATTHEW WORDEN, | : | |
| in his individual capacity; OFFICER JASON | : | |
| RUTOVICH, in his individual capacity; | : | |
| OFFICER JOHN DOE, in his individual capacity; | : | |
| OFFICER JANE DOE, in her individual capacity, | : | |
|     Defendants. | : | SEPTEMBER 17, 2015 |

## AMENDED COMPLAINT

**PRELIMINARY STATEMENT**

1.      The Plaintiff, Barbara Crowley, brings this civil action for violations of Plaintiff's civil rights secured and protected by the Civil Rights Act of 1871, 42 U.S.C. 1983, 42 U.S.C. §1985, and the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution, and Article One §§7, 8, 9, and/or 20 of the Connecticut Constitution, as well as the common and statutory laws of the State of Connecticut, for which she seeks damages, attorneys' fees, and costs.

2.      The Plaintiff alleges that on December 4, 2011, the Defendant Enfield police officers, Matthew Worden, and Jason Rutovich, along with other unidentified police officers, in their individual capacities, negligently, with deliberate indifference, recklessly and/or intentionally violated Plaintiff Barbara Crowley's constitutional rights during a period of time that no probable cause or reasonable suspicion existed to arrest her for any crime.

3.      The Plaintiff, Barbara Crowley, then age 47, further alleges that Carl Sferrazza, individually and in his official capacity as Chief of Police of Enfield Police Department and the

1

Town of Enfield is liable for the violations of these individual police officers under federal and state laws because he: (1) tolerated, condoned, encouraged and/or was deliberately indifferent to the use of excessive force in an unreasonable manner, (2) failed to adequately train and provide guidelines with regard to the use of excessive force in a manner that could foreseeably lead to the violation of citizens' rights, and (3) created an atmosphere and culture in which such treatment of citizens is tolerated and/or fostered.

4. The Plaintiff, Barbara Crowley, further alleges that the Defendant Town of Enfield is liable for Defendant police officers' negligent and/or deliberately indifferent conduct under Connecticut General Statute § 52-557n because such conduct occurred during the course and within the scope of the Defendant police officers' employment with the Town in a manner which caused imminent and/or present physical harm and damages to an identifiable victim, namely, the Plaintiff, Barbara Crowley.

5. The Plaintiff Barbara Crowley further alleges that as a result of the negligent and/or deliberately indifferent conduct of the Defendant Enfield police officers, as referenced herein, she has suffered, as an identifiable victim, who was threatened by imminent and/or present harm by the acts of the Defendant Enfield police officers, within the course and scope of their employment, severe physical and emotional distress and damages, as more particularly described herein.

6. Statutory notice of the Plaintiffs' civil rights claims against the Defendant police officers, and intention to bring this action, was given to the Town of Enfield, pursuant to §§ 7-465 of the Connecticut General Statutes, on August 20, 2014, a copy of which is attached hereto as "Exhibit A".

**JURISDICTION**

7. The basis of jurisdiction is predicated upon 42 U.S.C. §§ 1983 and 1985 as well as the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

**PARTIES**

8. At all times mentioned herein, the Plaintiff, Barbara Crowley, is a resident of Enfield, Connecticut.

9. The Defendant, Town of Enfield, is a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut and acting at all pertinent times herein through its duly authorized agents, employees and/or representatives.

10. At all times described herein mentioned, Defendant Chief Carl Sferrazza was the Chief of Police of the Enfield Police Department and Enfield's final policymaker in the area of law enforcement.

11. At all times described herein, Defendant Officers Matthew Worden, Jason Rutovich, John Doe and Jane Doe were Police Officers assigned to the Enfield Police Department. Each defendant is sued individually.

12. At all times described herein, the Defendants individually and/or in concert, have acted with deliberate indifference and under the totality of the circumstances, objectively unreasonably, with regard to the health, safety, wellbeing and/or rights of the Plaintiff.

13. At all times herein mentioned, under the totality of the circumstances, the actions of all defendants, individually and/or in concert, were objectively unreasonable and/or were carried out with conscious disregard for the health and safety of Plaintiff, Barbara Crowley.

14. At all relevant times Defendant Town of Enfield Police Officers acted jointly and in concert with each other and each such individual had the duty and reasonable opportunity to intervene to protect Plaintiff Barbara Crowley from the negligent, reckless, willful, knowing and/or deliberately indifferent acts of the other Defendants, as described herein, but each Defendant failed and/or refused to perform such duty, despite such reasonable opportunity to do so, as it arose, thereby proximately causing the injuries and losses complained of herein.

**STATEMENT OF FACTS**

15. On or about Saturday, December 3, 2011, Plaintiff Barbara Crowley volunteered at Mt. Carmel Society to assist with the Enfield Ramblers Youth Football Organization's yearly end of the season banquet. Plaintiff volunteered in part to assist her husband, Patrick Crowley, President of the Enfield Ramblers and Enfield Councilman.

16. Following the banquet, Plaintiff and other volunteers left helium balloons in a supply closet with the intention of retrieving them the following day for use at the Town of Enfield's Torchlight Parade.

17. On or about Sunday, December 4, 2011, at or around 4:30 PM, Plaintiff Barbara Crowley arrived at Mt. Carmel Society on Park Avenue in Enfield, Connecticut, with her ten year old son, with the intention of retrieving the aforementioned helium balloons from the supply closet.

18.     Leaving her son in the car for what Plaintiff believed would be a quick errand, Plaintiff Barbara Crowley briefly informed a woman in Mt. Carmel Society who was beginning a BINGO event at 5 PM of her reason for being in the building, then went straight to the supply closet to retrieve the balloons.

19.     As Plaintiff began to untie the balloons in the closet, the aforementioned BINGO woman entered the closet and began to berate Plaintiff for supposedly leaving the hall in a disorderly condition following the event the night before.

20.     Although Plaintiff informed the woman that the hall had been restored to its usual clean condition following the Ramblers event, the woman stated that she had contacted Carl Sferrazza, Chief of Police of the Enfield Police Department and President of the Mt. Carmel Society.

21.     Plaintiff informed the woman that Plaintiff's husband, Patrick Crowley, President of the Enfield Ramblers, would speak with Chief Sferrazza about the allegations.

22.     As Plaintiff left the closet area with the balloons in hand, the woman continued to follow Plaintiff, until Plaintiff left the building.

23.     Upon bringing the balloons to her car, Plaintiff discussed the situation with her son.

24.     Knowing that the building had been ransacked in the past, Plaintiff decided to ask the Mt. Carmel members working in the building's kitchen whether they had noticed if the hall was in disarray upon their arrival.

25. As Plaintiff discussed the condition of the hallway with members of the Mt. Carmel Society, the BINGO woman came into the kitchen.

26. The BINGO woman then placed a call to the Enfield Police on her cell phone.

27. Plaintiff decided to stay and wait for the police officers to arrive to discuss the matter with them.

28. Defendant Enfield police officer Jason Rutovich arrived on the scene and plaintiff was instructed to stand down the hallway while the BINGO woman was questioned.

29. As Plaintiff waited, two more Defendant Officers, including Officer Worden, arrived and began to question the plaintiff.

30. Plaintiff answered all of the questions posed to her at that time.

31. Following the questioning, Plaintiff waited several minutes before asking if she could go check on her son in the car.

32. In response to Plaintiff's request to check on her son, Defendant Officer Worden nodded okay.

33. Plaintiff had walked a short distance toward the exit of the building when her arm was suddenly and violently grabbed, without warning by Defendant Officer Matthew Worden, from behind, which caused her arm to make a snapping sound and resulted in great pain to the Plaintiff.

34. Although Plaintiff complained of the pain she was experiencing the Defendant Officer continued to pull and twist Plaintiff's arm behind her back and began to yell at the Plaintiff to "stop resisting."

35. As Plaintiff's arm was being pulled behind her, a second Defendant Officer approached Plaintiff and kicked her right knee, forcing her to the floor and causing her additional excruciating pain before, while and after she was handcuffed.

36. Once Plaintiff was on the floor, a third Defendant Officer kneeled forcefully on Plaintiff's back and placed her in handcuffs.

37. As Plaintiff lay helpless and restrained on the floor she looked up and saw her ten year old son standing in the doorway watching the brutal attack on her, in horror, by the Defendant Enfield police officers.

38. Despite Plaintiff's pleas for help and her requests that the Defendant Officers check on her son, the Defendant officers refused to answer Plaintiff while she lay visibly and seriously injured on the floor.

39. After repeated pleas for medical attention, Defendant Officers eventually called an ambulance.

40. Around the time that the Defendant Officers bodily carried Plaintiff outside to wait for the ambulance, Plaintiff's husband arrived.

41. After Plaintiff's husband requested that the Defendant officers put Plaintiff down, the Defendant officers abruptly dropped the injured Plaintiff onto the ground, hurting her further.

42. At no time did Plaintiff Barbara Crowley threaten anyone, resist or fail to comply with the Defendant police officers.

43. Plaintiff, who was charged with breach of peace, resisting arrest and assault on a police officer, had no prior criminal record.

44. After successful completion of the pretrial diversionary program, known as "accelerated rehabilitation", all charges against the Plaintiff were dismissed.

45. Although in a reasonable position to do so, none of the Defendant Enfield police officers on the scene did anything to stop other Defendant Officers from grabbing her arm, kicking her in the knee, kneeling on the plaintiff or physically harming her in general.

46. As a direct result of the deliberately indifferent actions and omissions of the Defendants, as aforesaid, the Plaintiff Barbara Crowley suffered numerous physical injuries and sequelae, some or all of which are permanent in nature, including but not limited to, a fractured tibia plateau of the right knee; a deep bone bruise on the right knee; a torn right ACL and PCL; a torn radial collateral ligament of the right elbow; and a torn tendon of the right elbow and associated aches, pains and bruises, some of which required surgical intervention.

47. As a direct and further result of the aforesaid actions and conduct of Defendants, Plaintiff Barbara Crowley has suffered and will continue to suffer from mental anguish and psychological trauma, as well as profound feelings of humiliation, loss of dignity, anxiety, depression, post-traumatic stress disorder, flashbacks, headaches, chronic, repetitive sleep interruption and deprivation, nightmares, fear of police officers.

48. As a direct and further result of the aforesaid actions and conduct of Defendants, Plaintiff Barbara Crowley was forced to incur and will continue to incur, surgical, medical and other healthcare expenses related to her physical and emotional injuries.

49. As a direct and further result of the aforesaid actions and conduct of Defendants, Plaintiff Barbara Crowley was forced to miss work for a period of seven months, during which

time she went through multiple surgeries and a prolonged recovery period and has suffered a diminished work capacity.

**COUNT ONE**:   **Plaintiff Barbara Crowley against the named Defendant Enfield Police Officers for Violations of Rights secured by 42 U.S.C. § 1983 and the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution due to use of Unreasonable Force.**

1-49.   Paragraphs 1-49 are hereby fully incorporated into this Count One and made paragraphs 1-49 of this Count.

50.   Under the totality of the circumstances, Defendant Enfield Police Officers, including Officer Matthew Worden, Officer Jason Rutovich, and/or Officers John and Jane Doe, acted with deliberate indifference and/or objective unreasonableness, under the totality of the circumstances, when they used force on the Plaintiff Barbara Crowley, in an excessive and unreasonable manner, as aforesaid.

51.   As a direct result of the Defendants' actions, as aforesaid, the Plaintiff, Barbara Crowley, suffered severe and permanent physical injuries, psychological trauma, anxiety, humiliation, pain and suffering, damage to her reputation and character, as well as other injuries and damages more particularly set forth herein, in violation of Plaintiff Barbara Crowley's clearly established rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

52.   The conduct and actions of some or all of the Defendant Enfield Police Officers, as aforesaid, were excessive and constituted unreasonable use of force, in violation of the Plaintiff's Fourth and/or Fourteenth Amendment rights as secured by 42 U.S.C. § 1983.

**COUNT TWO:     Plaintiff Barbara Crowley against Named Defendant Enfield Police Officers for Violations of Rights Secured by Article I §§ 7 and 9 of the Connecticut Constitution due to their use of Unreasonable Force**.

1-52.   Paragraphs 1-52 of Count One are hereby fully incorporated and made paragraphs 1-52 of this Count Two.

53.   The conduct and actions of the Defendant Enfield police officers, as aforesaid, constituted excessive and/or unreasonable use of force, in violation of Plaintiff's rights under Article I §§ 7 and 9 of the Connecticut Constitution.

54.   As a direct and proximate result of Defendant Officers' actions, as aforesaid, the Plaintiff Barbara Crowley has suffered severe and permanent physical, psychological and economic injuries, humiliation, pain and suffering, and damage to her reputation and character, as more particularly set forth herein.

**COUNT THREE:     Plaintiff Barbara Crowley against Defendant Enfield Police Officers for Intentional Infliction of Emotional Distress under the Common Law of Connecticut**

1-52.   Paragraphs 1-52 of Count One are hereby incorporated and made Paragraphs 1-52 of this Count Three.

53.   The aforementioned actions of Defendant Enfield police officers were intentional, willful and/or deliberate and caused Plaintiff Barbara Crowley to suffer from severe emotional distress following her arrest.

54.   The Defendants should have reasonably foreseen that severe emotional distress would have resulted from their actions.

55.   Such conduct by the Defendants was extreme and outrageous and exceeded all bounds usually tolerated by decent society.

56.     The Defendants' conduct directly caused Plaintiff Barbara Crowley's severe emotional distress, including but not limited to post-traumatic stress disorder, anxiety, fear of police officers, humiliation and loss of dignity.

57.     Defendants' conduct, as aforesaid, which exhibits a willful indifference toward the rights of others and demonstrates intentional and wanton violation of Plaintiff Barbara Crowley's rights, further directly caused Plaintiff to suffer severe physical, economic and emotional injuries, as more particularly set forth herein.

## **COUNT FOUR:** **Plaintiff Barbara Crowley against Defendant Enfield Police Officers for Assault and Battery under the Common Law of Connecticut**

1-54.   Paragraphs 1-54 of Count Two are hereby incorporated and made Paragraphs 1-54 of this Count Four.

55.     Some or all of the Defendant Enfield Police Officers, separately or in concert, engaged in the following intentional conduct which placed Plaintiff in reasonable apprehension of imminent and serious bodily harm:

   a.   They used serious and injurious physical force on Plaintiff while she was helpless, vulnerable, non-combative and/or nonthreatening;

   b.   They forcibly grabbed Plaintiff's arm, snapping it behind her and tearing the tendons and cartilage in her right elbow, despite the fact that she had committed no crime, was not under arrest and posed no threat to anyone;

   c.   They kicked Plaintiff in the left knee, causing her to suffer from a torn ACL and torn LCL, forcing her to ground despite the fact that she was not resisting, nor was she under arrest or posing a threat to anyone.

   d.   They threw Plaintiff to the ground, despite the fact that she had committed no crime, posed no threat, and showed no resistance;

   e.   They forcibly handcuffed Plaintiff despite the fact that she was not resisting arrest and had clearly suffered serious injuries to her right elbow and other areas and such handcuffing further jeopardized her health and safety;

f.   Although in a reasonable position to do so, some or all of these Defendant Enfield Police Officers failed to intervene to prevent or stop the prolonged brutal attack on Plaintiff Barbara Crowley at the hands of other Defendant Enfield police officers and false arrest of her, as set forth more particularly herein.

56.   As a result of Defendant Enfield Police Officers' conduct, as aforesaid, Plaintiff Barbara Crowley suffered severe and permanent physical and psychological injuries, as also set forth more particularly herein.

**COUNT FIVE:   Plaintiff Barbara Crowley against Defendant Enfield Police Officers for Violations of Plaintiff's Fourth and/or Fourteenth Amendment Rights as Secured by 42 U.S.C. § 1983 for Failure to Intervene**

1-56.   Paragraphs 1-52 of Count One, Paragraphs 53-54 of Count Two and Paragraphs 55-56 of Count Four, are hereby incorporated as Paragraphs 1-56 of this Count Five.

57.   Although in a reasonable position to do so, some or all of the Defendant Enfield Police Department Members failed to intervene to prevent and/or stop the unreasonable use of force on Plaintiff Barbara Crowley and the false arrest of her, as described herein, thereby causing her injuries, as set forth more particularly herein.

58.   As a consequence of the aforesaid actions of Defendants, Plaintiff Barbara Crowley has suffered damages, including serious and permanent physical and psychological trauma, as more particularly set forth herein.

**COUNT SIX:  Plaintiff Barbara Crowley against Defendant Enfield Police Officers for Violations of Plaintiff's Rights Secured by Article I, §§ 7, 8, 9 and/or 20 of the Connecticut Constitution for Failure to Intervene**

1-58.   Paragraphs 1-58 of Count Five are hereby incorporated and made paragraphs 1-58 of this Count Six.

59.   Although in a reasonable position to do so, some or all of the Defendant Enfield police officers failed to intervene to prevent and/or stop the prolonged unreasonable use of force

on Plaintiff Barbara Crowley and the false arrest of her, as described herein, thereby directly causing her injuries, as set forth more particularly herein.

**COUNT SEVEN:** **Plaintiff Barbara Crowley against Defendant Enfield Police Officers for Violations of Plaintiff's Fourth and/or Fourteenth Amendment Rights as Secured by 42 USC § 1983 for Failure to Render Adequate Medical Assistance**

1-59. Paragraphs 1-59 of Count Six are hereby incorporated and made paragraphs 1-59 of this Count Seven.

60. Although in a reasonable position to do so, some or all of the Defendants failed to render adequate and/or timely medical assistance to Plaintiff Barbara Crowley, thereby causing her physical, economic and emotional injuries, as more particularly set forth herein.

**COUNT EIGHT:** **Plaintiff Barbara Crowley against Defendant Enfield Police Officers for Violations of Plaintiff's Rights Secured by Article I, §§ 7, 8, 9 and/or 20 of the Connecticut Constitution for Failure to Render Adequate Medical Assistance.**

1-60. Paragraphs 1-60 of Count Seven are made paragraphs 1-60 of this Count Eight.

61. Although in a reasonable position to do so, some or all of the Defendant Enfield Police Department Members failed to intervene to prevent and/or stop the unreasonable use of force on Plaintiff Barbara Crowley, as described herein, thereby causing her injuries, as more particularly set forth herein.

**COUNT NINE:** **Plaintiff Barbara Crowley against Defendant Town of Enfield and Chief of Police Carl Sferazza for Violations of Rights Secured by 42 U.S.C § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution Due to an Inadequate Policy and Custom**

1-61. Paragraphs 1-61 of Count Eight are hereby incorporated and made Paragraphs 1-61 of this Count Nine.

62. At all pertinent times herein, Defendant Town of Enfield, acting through its Chief of Police Carl Sferrazza, the final policymaker for the Town of Enfield in the area of law enforcement, had in effect de facto policies, practices and customs exhibiting deliberate

indifference to the constitutional rights of citizens and residents of Enfield, which were the moving force behind and a direct and proximate cause of the unconstitutional conduct of Defendant Enfield Police Officers and their resultant violations of the constitutional rights of Plaintiff Barbara Crowley, as described herein.

      63. These deficient policies, practices and/or customs of the Defendant, Town of Enfield police department, both department-wide and in regard to some or all of the named Defendant Enfield police officers in the present case, include, inter alia:

a. Its failure to properly and adequately supervise, monitor, investigate and/or discipline or otherwise take reasonable measures to contain or control those Enfield police officers, including the Defendant police officers herein, whose past actions and/or misconduct have, over time, exhibited pronounced tendencies toward violence, over-aggressiveness and/or other conduct evidencing unacceptable practices in the course of arrests and seizures, in the following respective areas, to wit:

    i. Unreasonably neglecting their duty to serve and protect the public when interacting with them, in a manner which, instead, resulted in harm to the public and thereby compromised public safety;

    ii. Failure to adequately or fully investigate or assess the total circumstances while apprehending or arresting a citizen, generally and more particularly in regard to persons who are arrested without a warrant and without probable cause to believe that a crime has been committed;

    iii. Failure to establish probable cause before restraining; arresting and/or seizing of citizens, as in this case;

    iv. Failure to render adequate medical assistance to citizens whose medical condition requires it, as in this case;

    v. Failure to intervene when reasonably opportune to prevent violation of a citizen's civil rights by other police officers, as in this case;

    vi. Failure to prepare adequate use of force reports including adequate documentation of any injures when a citizen is injured by police actions, as in this case;

    vii. The improper and unreasonable use of force on a citizen, by such police officers, particularly after that citizen has been handcuffed or otherwise subdued and/or is otherwise observably nonthreatening and/or not resisting, as in this case;

viii.     Improper and unreasonable use of the criminal charge of "resisting arrest" particularly when used as a pretense for falsely arresting or using unreasonable force on a citizen.

ix.     An accumulation by one or more officers of multiple or disproportionate complaints and incidences over time, including some or all of the present defendant Enfield police officers, regarding rights violations and breaches of department rules pertaining to areas such as arrests, use of force, truthfulness and courtesy, without adequate reprimand, counseling or discipline;

x.     Failure to conduct meaningful or objective internal affairs reviews of prior misconduct of Enfield police officers generally and of some or all of the defendant police officers in this case, including reviews of citizen complaints and other suspected misconduct of involved officers, sounding in false arrest, unreasonable use of force, untruthfulness, unprofessional conduct and individual instances and/or patterns of harassment, overzealousness and/or violence toward citizens;

xi.     Abuse of the rights of citizens for no reason other than the fact that they may have expressed some sort of disagreement with the particular Enfield police officer or because such use of force, while unjustified, appeared to be "convenient" to the officer to accomplish his or her immediate purposes;

xii.     Failure to institute a department wide system that serves to review and screen improper and/or abhorrent behavior by Enfield police officers, including some or all the defendant Enfield police officers in this case, in a manner that serves as an adequate monitor to alert the department and/or internal affairs of the potential for their future misconduct, while also serving as an effective method of deterring similar future targeted conduct of Enfield police officers, including the individual defendants in this case;

xiii.     Failure to adequately train Enfield police officers to recognize or respond to tendencies toward and/or patterns of violent behavior exhibited by their fellow Enfield police officers in a manner that would have provided further notice to Enfield Police Department supervisors and directors;

xiv.     Failure to institute meaningful disciplinary actions against Enfield Police Officers including the defendant officers in this case, such as suspension, counseling, anger management treatment, remedial training classes or termination, in response to citizen complaints and other evidence of police misconduct;

xv.     Failure to identify and adequately control the disproportionate overzealous, unprofessional and/or untruthful tendencies and conduct of one Enfield officer in particular, Officer Matthew Worden, and other officers including those officers who accompanied him on assignments, despite the pronounced and blatant pattern of violent and abhorrent behavior that Officer Worden and his cohorts exhibited over time when on calls;

15

    xvi.       Deliberately ignoring and/or disregarding internal review reports which red flagged the behavior and actions of defendant Officer Matthew Worden and identified Defendant Worden as a danger to citizens of Enfield, when acting alone and also with certain other officers including some or all of the Defendant officers in this case;

    xvii.      Failure to discipline or conduct a meaningful investigation into the allegations regarding the conduct and behavior of Officer Matthew Worden despite the submission of one or more colorable arrest warrants to the state's attorney's office relating directly to Officer Matthew Worden's violent acts.

b.     Its failure to properly and adequately supervise, train, advise, and/or issue orders, rules, regulations and/or guidelines, reasonably necessary to promote use of accepted police practices by Enfield police officers, including the Defendant police officers herein, during arrests and seizures, in regard to the following areas:

    i.        Proper use of handcuffs, police canines and other types of force when approaching, apprehending or arresting a subject;

    ii.       Proper investigative, evaluative and/or arrest procedures including investigation of and follow up on all material leads and how to develop sufficient probable cause at a scene before an arrest or seizure is made;

    iii.      Proper preparation of use of force reports when force is used by any police officer on a citizen, including proper documentation and photography of any resultant injuries;

    iv.      Proper and timely actions to take when a citizen is in police custody and has serious injuries and immediate medical assistance is needed;

    v.       Appropriate intervention when a reasonable opportunity exists to prevent or stop other officers from unduly injuring and/or violating the civil rights of a citizen.

    vi.      Control of anger and overly aggressive behavior of officers toward citizens at scenes and establishment of express criteria to determine when counseling is reasonably necessary to deal with such proclivities;

    vii.      The continuum of force concept and when to use verbal or other less restrictive means as opposed to severe or disproportionate force;

    viii.     The concept that life is sacred and that force should be used as a last resort, when all other means of interaction are no longer feasible, because citizen and officer safety are paramount;

    ix.      When and how officers should report on other officers who they are aware have mistreated citizens;

    x.    Tactics relating to approaching and handling a scene in a manner which defuses potential danger and enhances citizen and officer safety.

c.    Its failure to adequately screen, monitor, investigate and/or discipline the prior bad acts of the Defendant Enfield police officers, including Matthew Worden, in the following ways:

    i.    Failure to adequately and objectively investigate or consider citizen's complaints either individually or collectively made against Defendant Enfield police officers including officer Worden or to attach proper significance to them;

    ii.    Failure to properly discipline Enfield Police officers including Officer Worden following a citizens complaint by methods such as suspension, counseling, anger management treatment, remedial training classes or termination;

    iii.    Failure to adequately and objectively consider the seriousness of the threat Officer Worden posed to the citizens of the community on a daily and continuous basis over several years;

    iv.    Failure to adequately train officers such as Officer Worden regarding how to approach or assess circumstances at a scene, establish probable cause and/or effect an arrest, seizure and/or use force, where reasonably necessary, on a citizen, in a constitutional manner;

    v.    Failure to suspend or terminate Officer Worden's employment in a timely manner despite receiving at least seventeen citizen's complaints directed at officer Worden's behavior over a relatively short period of time, which complaints comprised a high and disproportionate percentage of complaints lodged against all Enfield police officers during that period;

    vi.    Failure to properly discipline other Enfield police officers, including some or all of the other Defendant police officers in this case, based on their disproportionate and/or otherwise serious complaint history.

    64.    Each of the aforementioned deficient policies, practices and customs of Defendant Town of Enfield, individually and/or collectively served to promote and/or encourage an environment conducive to the related violation of the Constitutional rights of individuals, including Plaintiff Barbara Crowley, so as to constitute the moving force behind the violation of the Constitutional rights of Plaintiff Barbara Crowley, as set forth more particularly herein.

    65.    As Chief of Police, the Defendant Carl Sferrazza authorized, approved, condoned and/or ratified the above-referenced practices and customs of the Defendant Town of Enfield,

which constituted the moving force behind this violation of the Constitutional rights of the Plaintiff, Barbara Crowley, as set forth more particularly herein.

66. As a direct and proximate result of such inadequate and/or improper policies, practices and/or customs of the Defendant, Town of Enfield, as referenced herein, the Plaintiff, Barbara Crowley suffered the violation of her Constitutional rights and severe and permanent physical, economic and emotional injuries, as more particularly set forth herein.

**WHEREFORE**, Plaintiff Barbara Crowley demands the following relief:

    1.    Monetary damages, including compensatory damages;

    2.    Actual, dignitary and punitive damages, pursuant to 42 U.S.C. §1983;

    3.    A Court order, pursuant to 42 U.S.C. § 1988, that they are entitled to reasonable attorneys' fees and costs incurred in maintaining this action pursuant to 42 U.S.C.§ 1983, as pleaded herein;

    4.    Such other relief in law or equity as the Court may deem just and proper.

PLAINTIFF, BARBARA CROWLEY

By:_____/s/_____
David K. Jaffe
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT  06103
Tel. (860) 522-3343
Fax: (860) 522-2490
Email: djaffe@bpslawyers.com

By:_____/s/_____
Paul Spinella
Spinella & Associates
1 Lewis Street
Hartford, CT 06103
Tel: (860) 728-4900
Fax: (860) 728-4909
Email: attorneys@spinella-law.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARBARA CROWLEY | : | CIV. NO.3:14CV01903 (MPS) |
|    Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| TOWN OF ENFIELD; CHIEF CARL | : | |
| SFERRAZZA, individually and in his official | : | |
| capacitiy;  OFFICER MATTHEW WORDEN, | : | |
| in his individual capacity; OFFICER JASON | : | |
| RUTOVICH, in his individual capacity; | : | |
| OFFICER JOHN DOE, in his individual capacity; | : | |
| OFFICER JANE DOE, in her individual capacity, | : | |
|    Defendants. | : | SEPTEMBER 17, 2015 |

## **STATEMENT OF AMOUNT IN DEMAND**

The amount, legal interest, or property in demand is in excess of Fifteen Thousand and 00/100 ($15,000.00) Dollars, exclusive of interests and costs.

PLAINTIFF, BARBARA CROWLEY

By:_____/s/_____
David K. Jaffe
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT  06103
Tel. (860) 522-3343
Fax: (860) 522-2490
Email: djaffe@bpslawyers.com


By:_____/s/_____
Paul Spinella
Spinella & Associates
1 Lewis Street
Hartford, CT 06103
Tel: (860) 728-4900
Fax: (860) 728-4909
Email: attorneys@spinella-law.com